Party name, Address, Telephone & Fax Nos & Email Address:

Coast Highway Ramfared Trust
31423 Coast Highway #22
Laguna beach, CA 92651

**FILED**
FEB 10 2025
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re

Debtor(s),

Coast Highway Ramfared Trust

Case No.: 8:25-BK-10282-SC

Chapter: 7

Title: Motion for Extension of time to Retain Counsel
Response to OSC

☒ NO HEARING
☐ HEARING

DATE:
TIME:
COURT ROOM:
PLACE:  411 W FORTH STREET
        SANTA ANA, CA 92701

I, Andy Andalibian, as a beneficiary of Coast Highway Ramfared Trust, respectfully file this motion In Pro Per to request a 10-day extension to retain legal counsel for this Chapter 7 bankruptcy proceeding. In support of this motion, I state the following:

1. Background

    The Coast Highway Ramfared Trust (the "Trust") holds a single property located at 31423 Coast Highway, #22, Laguna Beach, CA 92651 (the "Property"). The Trust rent out this property and collect rental income, which constitutes its business activity. The Trust has not engaged in any other substantial business activities outside of the rental and management of the Property that I am aware of.

2. Involuntary Bankruptcy Filing

    An involuntary Chapter 7 bankruptcy petition had been filed in relation to the debtor, Coast Highway Ramfared Trust. As a beneficiary of the Trust, I have a vested interest in the Property held by the Trust,

TITLE: - 1

which is included in the bankruptcy case as it may impact the bankruptcy estate.

3. Need for Legal Counsel

The Trust, through its beneficiary, requires legal representation to ensure the proper handling of the Property in the context of the bankruptcy proceedings. Due to the complexity of bankruptcy law, the trust's involvement in this case and my personal limited knowledge, I cannot adequately represent the Trust's interests without the assistance of legal counsel. Filing this motion had taken me many hours and sleepless nights.

4. Request for Extension

I respectfully request that the Court grant an extension of 10 days to allow me sufficient time to retain competent legal counsel that is willing and available to take this case. This extension will give me the necessary time to consult with and retain an attorney with expertise in bankruptcy and specifically trust law, who can effectively represent the Trust's interests in this case.

5. Good Faith Effort to Retain Counsel

I have made diligent efforts to contact potential attorneys and begin the process of securing legal representation for the Trust. However, more time is needed to finalize the retention of an attorney as they require to have additional time to review the documents provided.

WHEREFORE, I, Andy Andalibian, as a beneficiary of Coast Highway Ramfared Trust, extend my gratitude in advance for the Court to overlook any shortcomings I may had in expressing my concerns in this motion. I respectfully request that the Court grant a 10-day extension to allow me to retain an attorney to represent the Trust in this Chapter 7 bankruptcy proceeding, and for any other relief the Court deems just and proper.

Respectfully submitted,

Andy Andalibian,

P.O. Box 9933

Newport Beach, CA 92660

Beneficiary of Coast Highway Ramfared Trust

31423 Coast Highway #22

Laguna Beach, CA 92651

TITLE: - 2

Certificate of Service

I, Andy Andalibian, hereby certify that a true and correct copy of this Motion was served upon all parties in interest by First-class mail, Registered Mail and Direct email on February 10th, 2025.

Dated this 10th day of February, 2025.

_____
Andy Andalibian, In Pro Per

Your Honor I have spoken to Mr. Marc Forsythe Attorney to appear on the 13th of Feb for the Record if court could not issue an extension.

Attached: IN RE HANKINS for your Review

Feb 10th, 2025

TITLE: - 3

🟢 Positive
As of: February 10, 2025 6:59 PM Z

# *In re Hankins*

United States Bankruptcy Court for the District of Arizona

October 24, 2006, Decided

Chapter 11 Proceedings, Case No. 06-02112-PHX-CGC

**Reporter**
2006 Bankr. LEXIS 2923 *; 2006 WL 3040765

In re KOCH V. HANKINS JUDGMENT CREDITOR *TRUST*, *Debtor*.

## Core Terms

*business trust*, *eligible*, parcels, qualify, leases, distributions

## Case Summary

### Procedural Posture

Creditor, a defendant in an underlying legal action, moved for dismissal of the bankruptcy case filed by debtor trust, of which the plaintiffs and their counsel in the underlying suit were the beneficiaries. The creditor asserted the debtor was ineligible for debtor status under *11 U.S.C.S. § 109*, because it was not a business trust.

### Overview
The creditor also asserted that the case was filed in bad faith, the filing was dependent upon misrepresentations of material fact, and was filed improperly to delay or frustrate pending state forfeiture actions and postjudgment attorneys' fee proceedings. In the underlying litigation, the plaintiffs in that case initially won a judgment, and formed the trust as a vehicle for collecting the judgment. However, the judgment was reversed and vacated on appeal, and on remand, the trial court barred the plaintiffs' remaining claims. The creditor asserted that the express purpose for the trust was now moot as a result of the judgment being vacated, and since the trust carried on no other business, there was nothing to reorganize in the bankruptcy case. The only issue remaining in the underlying suit was the creditor's ancillary postjudgment motion for attorneys' fees against the trust. The court found that the debtor did not sustain its burden of showing the trust still had a legitimate valid purpose. A full evidentiary hearing on the issue was not necessary.

### Outcome
Because the debtor trust was ineligible to be a debtor, the case was dismissed.

## LexisNexis® Headnotes

Business & Corporate
Compliance > Bankruptcy > Debtor Benefits &
Duties > Eligibility
Bankruptcy Law > *Debtor* Benefits & Duties > Eligibility

*HN1*[⬇] **Debtor Benefits & Duties, Eligibility**

*Business trusts* qualify as *eligible debtors* within the definition of corporation in *11 U.S.C.S. § 101*. Such a debtor bears the burden of establishing that it qualifies as a business trust under *11 U.S.C.S. § 109*.

Business & Corporate
Compliance > Bankruptcy > Debtor Benefits &
Duties > Eligibility
Bankruptcy Law > *Debtor* Benefits & Duties > Eligibility

*HN2*[⬇] **Debtor Benefits & Duties, Eligibility**

Because a *business trust* is *eligible* to become a *debtor* as a corporation, it must have attributes of a corporation to qualify as a *business trust*. A primary characteristic of a business trust is whether it was created with the primary purpose of transacting business or carrying on commercial activity for a profit. Uniformly courts have held that trusts created solely to preserve the trust res for the beneficiaries do not satisfy the definition of a business trust. Courts have also looked to a variety of other factors to determine eligibility of business trusts, such as whether the trust is actively engaged in and doing business and whether the trust has significant attributes of a corporation.

Marc Forsythe

Business & Corporate
Compliance > Bankruptcy > Debtor Benefits & Duties > Eligibility
Bankruptcy Law > Debtor Benefits & Duties > Eligibility

*HN3*[⬇] **Debtor Benefits & Duties, Eligibility**

While the mere failure to comply with a state law technicality may not be entirely dispositive of whether a trust is eligible for relief in bankruptcy, a court will consider such noncompliance a significant factor in analyzing the nature of a trust.

**Counsel:** [*1] For Koch v Hankins Judgment Creditor Trust, Debtor: KEVIN J. RATTAY, RANDY NUSSBAUM, THOMAS A. CONNELLY, JABURG & WILK, P.C., SCOTTSDALE, AZ.

For U.S. TRUSTEE, U.S. Trustee: RICHARD J. CUELLAR, OFFICE OF THE U.S. TRUSTEE, PHOENIX, AZ.

**Judges:** CHARLES G. CASE II, UNITED STATES BANKRUPTCY JUDGE.

**Opinion by:** CHARLES G. CASE II

# Opinion

**UNDER ADVISEMENT DECISION**

**RE: MOTION TO DISMISS**

Movant Carlon Properties, Inc., ("Carlon") seeks dismissal of this bankruptcy case on two primary grounds: First, that Debtor Koch v. Hankins Judgment Creditor Trust ("Debtor") is not a business trust and, therefore, is ineligible to file a bankruptcy petition under *11 U.S.C. section 109* and, second, that the case was filed in bad faith, relies on misrepresentations of material fact, and is filed improperly to delay or frustrate pending state forfeiture actions and post-judgment attorneys' fee proceedings. At the October 3, 2006, hearing on the motion, the Court noted that a dismissal on bad faith grounds would require an evidentiary hearing and, therefore, would not be ruled on at this time. With respect to the question of whether Debtor is an eligible debtor under *Section 109*, the [*2] Court questioned whether an evidentiary hearing would be necessary or whether a decision could be rendered on the pleadings. That is the issue currently presented.

Historically, very little is disputed. In the early 1980s, a group of professionals formed a variety of general partnerships that purchased farmland in California. For reasons not important here, these professionals filed a series of lawsuits beginning in 1998 against Carlon and a variety of other defendants in California state court. Eventually, through a series of dismissals and appeals, two of the lawsuits were consolidated and resulted in a judgment in favor of the plaintiff professionals in 1993. As a result of the judgment, the plaintiffs formed the Koch v. Hankins Judgment Creditor Trust as a vehicle through which to collectively enforce the judgment and pay their legal fees. The beneficiaries of the trust were the individual plaintiffs/judgment creditors.

In 1997, the judgment in plaintiffs' favor was reversed and vacated on appeal. On remand, the trial court barred the plaintiffs' remaining claims. The court further refrained from deciding the cross-complaints without prejudice to them being decided in a separate [*3] action. The defense judgment was affirmed on appeal in 2002, and all that remains now is the final phase of the ancillary post-judgment motion for attorneys' fees against the plaintiffs.

With respect to the Trust specifically, the parties agree that the governing trust document, the Declaration of Koch v. Hankins Judgment Creditor of Trust," states expressly as its purpose in Paragraph 2.2:

> **Purpose.** The purpose of the Trust is to collect efficiently and distribute equitably the Proceeds of the Judgment in *Koch v. Hankins*, and to insure, timely payment of legal fees for services rendered in pursuing collection of the Judgment.

The Trust estate is defined as "the right to payment under the Judgment, and any actual proceeds collected pursuant to the Judgment and any Reserves held in trust for the uses set forth herein." Further, the Trust was set to terminate on full satisfaction of the Judgment, including payment of all post-judgment interest and payment of all post-judgment interest and the payment of all of the Trust's obligations or the revocation of the Trust by a vote of the Settlors, whichever occurred first. Neither condition has ever occurred.

According [*4] to Carlon, the express purpose for the trust is now moot as a result of the judgment being vacated. Further, as the Trust carries on no other business, there is no income from any business and nothing to reorganize. Carlon also points out that the Trust does not satisfy the requirements of California law governing business trust by not filing the required registration.

Debtor admits that it was formed for the primary purpose of enforcing plaintiffs' judgment. Nonetheless, it argues that it qualifies as a business trust for several reasons. For example, although the Trust was formed primarily to enforce the

judgment, "it was also intended that the Trust would soon thereafter hold title to, administer and manage the real property located in the Harquahala Valley." Subsequently, in the fall of 1994, the Trust acquired several parcels of jojoba-farming property in the Harquahala Valley from entities related to the plaintiffs/beneficiaries. The Trust currently owns seven such parcels, which are considered property of the estate. According to Debtor, it has managed and administered these parcels ever since. Part of the management of these parcels has included receiving payments in the form [*5] of distributions of excess proceeds of the sale of water rights by the Harquahala Valley Irrigation District. These distributions were the subject of some litigation in Maricopa County Superior Court, which the Trust says it undertook the prosecution of at its own expense and in which it was successful in obtaining over $ 330,000 in distributions. The Trust also contends that it conducts business by the fact that it has leased some of the parcels, under agricultural leases, to unrelated third parties since at least 1995. Not only did the Trust receive rent and payments of portions of the property taxes, it also received various improvements by way of removal of jojoba crops to the installation of cotton and other crops. *Debtor* also points to the fact that it was named as a defendant in several forfeiture cases involving various parcel. Last, the *Trust* also points to the fact it filed annual federal and state tax returns as further evidence of its *business* purpose.

HN1[ ] It is well settled that *business trusts* qualify as *eligible debtors* within the definition of corporation in *11 U.S.C. section 101*. See *Brady-Morris v. Schilling (In re Kenneth Alan Knight Trust), 303 F.3d 671 (6th Cir. 2002)*; [*6] *Shawmut Bank Conn. v. First Fidelity Bank (In re Secured Equipment Trust of Eastern Airlines), 38 F.3d 86 (2d Cir. 1994)*. Debtor bears the burden of establishing that it qualifies as a business trust under *11 U.S.C. section 109, In re Secured Equipment Trust of Eastern Air Lines, Inc., 38 F.3d 86,89 (2d Cir. 1994)*; *Tim Wargo & Sons, Inc., 869 F.2d 1128, 1130 (8th Cir. 1989)*.

Unfortunately, the Bankruptcy Code does not define business *trust* and the courts have not adopted a uniform definition of the term for bankruptcy eligibility. *Id.* However, HN2[ ] because a business trust is eligible as a corporation, it must have attributes of a corporation to qualify as a business trust. A primary characteristic of a business trust is whether it was created with the primary purpose of transacting business or carrying on commercial activity for a profit. *In re Dayton Title Agency, Inc., 292 B.R. 857, 876 (Bankr. S.D. Ohio 2003)*. Uniformly courts have held that trusts created solely to preserve the trust res for the beneficiaries do not satisfy the definition of a business trust. *Id.*; *In re Knight, 303 B.R. at 680.* [*7] Courts have also looked to a variety of other factors to determine eligibility of business trusts, such as whether the trust is actively engaged in and doing business and whether the trust has significant attributes of a corporation. *In re Parade Realty, Inc. Employees Retirement Pension Trust, 134 B.R. 7, 8-11 (Bankr. D. Haw. 1991)*; *In re BKC Realty Trust, 125 B.R. 65 (Bankr. D.N.H. 1991)*.

The Court finds that Debtor has not sustained its burden, particularly in light of Paragraph 2.2 in the Declaration of Trust that states that the purpose of the Trust is solely to enforce the judgment that has now been vacated. Debtor's attempts to argue to the contrary simply do not overcome this hurdle.

Debtor contends that, regardless of the stated purpose of the Trust, it actually conducted business by leasing the various parcels of land and collecting the water rights distributions. It provides little to no evidence, however, of any true *business* operations. The exhibits attached to its response do little to prove anything. For example, the Trust provides copies of a handful of checks written to the Trust from Catron Cotton in 2001 and 2003 for approximately [*8] $ 65,000, along with some correspondence between co-trustee of the Trust, Floyd Koch, and an unidentified gentleman named "Frank." Neither at the pleading nor hearing stage was any testimony given to explain the Debtor's business operations or how these leases were negotiated, what their terms were, how much rent for how many years was paid by Catron Cotton (let alone any other lessee, if any), how much profit the Trust made on the leases, etc. In fact, no copies of the leases themselves were provided. What was provided does little to counter Carlon's argument that the leasing of the land was simply an incidental part of the Trust.

The Trust also argues that it paid taxes as a Trust, yet failed to provide copies of any tax returns to allow the Court to see what business it actually conducted and what taxable earnings it really had, if any, and how much. Nothing in the record indicates that these indicia of doing business were anything other than incidental to the stated primary purpose of the Trust - collecting the judgment. As was stated in *In re Sung Soo Rim Irrevocable Intervivos Trust, 177 B.R. 673, 678 (Bkrtcy. C.D. Cal.,1995)*, "[t]he mere fact that the trust [*9] happens to engage in business does not make it a 'business trust.'"

The Court also disagrees with the Trust that there is an underlying and implicit intent to conduct business contained in the language of the Declaration. In reading the Declaration itself from start to finish, the Court simply does not see it. In further support of its conclusion that the Trust does not qualify as a business trust is the fact that the Trust does not satisfy California's requirements to be a valid operating

business trust. While the Court acknowledges that the Trust's failure to qualify under state law does not automatically mean it does not qualify under *section 109*, it is one additional factor in support of this decision. See id. HN3[↑] "[W]hile the mere failure to comply with a state law technicality may not be entirely dispositive of whether a trust is eligible for relief in bankruptcy, this Court shall consider such non-compliance a significant factor in analyzing the nature of a trust." See *In re Morgantown Trust No. 1, 155 B.R. 137 (Bankr. N.D.W.Va. 1993)*; *In re St. Augustine Trust, 109 B.R. 494, 496 (Bankr. M.D. Fla. 1990)*

The Trust contends that if the Court [*10] is leaning toward dismissing the case on this ground, that nothing in the Trust prevents it from going back to amend the Declaration of Trust to bring it in line with the Trust's actual operations over the last few years. A similar argument was raised in *In re Karoly Vendal Foldesi & Margaret Foldesi Family Land Trust # 3, 2003 Bankr. LEXIS 2247, 2003 WL 25273865 (Bankr. D. Idaho 2003)*, which the court rejected. In *Foldesi*, the ***debtor trust*** sought leave to amend the trust entity postbankruptcy so as to cure any defects that might keep it from being a valid and ***eligible business*** trust. The court concluded, however, that because counsel could not point to any authority in support of such a post-filing change in the structure of a debtor entity in order to cure eligibility problems, the court denied the requested relief.

Finally, the Court concludes that a full evidentiary hearing would not change the outcome in this case. Even if the various allegations of "business" were to be fully supported by the evidence, the acts of owning property obtained from entities related to the beneficiaries, and thereafter collecting rent from those properties and obtaining benefits arising from the ownership of those properties would be insufficient [*11] to turn what was clearly intended to be a non-business trust into a business trust. Those are activities at best incidental to the primary, indeed sole, purpose of the trust that was clearly defined at its formation. The plaintiffs/beneficiaries had the option of enforcing their judgment through various forms of collective ownership. They happened to choose one that would not be eligible at a later time to be a debtor in bankruptcy. Although it is undoubtedly true that bankruptcy was not in the parties' contemplation at the time of formation, the result is the same. As the debtor is ineligible under *Section 109 of the Bankruptcy Code*, this case must be dismissed.

For the foregoing reasons, movant's motion to dismiss is granted. Counsel for movant is to lodge a form of order consistent with this decision for the Court's signature.

So ordered.

**DATED:** October 24, 2006

CHARLES G. CASE II

UNITED STATES BANKRUPTCY JUDGE

End of Document