ORIGINAL NOT SIGNED

Taylor Megdal
9155 Warbler Place
Los Angeles, CA 90069
Phone: (310) 601-6600

In Pro Per



**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>COAST HIGHWAY RAMFARED TRUST,<br>dba Ramin Monfared,<br><br>DEBTOR | Case No.: 8:25-bk-10282-SC<br><br>**BRIEF OF INTERESTED PARTY TAYLOR MEGDAL, IN SUPPORT OF U.S. BANK'S REQUEST AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>CHAPTER: 7<br><br>DATE: March 5, 2025<br>TIME: 11:00 a.m.<br>COURTROOM: 5C |

**BRIEF OF INTERESTED PARTY TAYLOR MEGDAL, IN SUPPORT OF U.S. BANK'S REQUEST AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**I. INTRODUCTION**

Comes now Interested Party, Mr. Taylor Megdal ("Megdal"), and files this Brief in Support of the Motion for Relief from the Automatic Stay ("Motion") filed by U.S. Bank National Association, Trustee of GVAT 2022-NQM5 Trust (the "Foreclosing Creditor"). Megdal supports this Motion because he (i) agrees the subject property is no longer properly part of the bankruptcy estate (or is subject to annulment of the stay), and (ii) wishes to preserve his post-sale purchase rights under California Civil Code § 2924m, which allows him, as a prospective owner-occupant, to make a qualifying bid on the foreclosed property after the

BRIEF OF INTERESTED PARTY TAYLOR MEGDAL, IN SUPPORT OF U.S. BANK'S REQUEST AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1

trustee's sale has taken place.

## II. BACKGROUND

### 1. Property Subject to Nonjudicial Foreclosure

The real property commonly known as 31423 Coast Highway, #22, Laguna Beach, CA 92651 (the "Property") was sold via nonjudicial foreclosure on or about February 3, 2025. According to the foreclosure trustee's records, U.S. Bank, in its trustee capacity, submitted the highest (credit) bid at that sale.

### 2. Multiple Involuntary Bankruptcy Filings

On January 3, 2025, an involuntary petition under Chapter 7 of the United States Bankruptcy Code was filed by Greg Tonkinson against Coast Highway Ramfared Trust dba Ramin Monfared under case number 8:25-bk-10013-SC. On January 14, 2025, the first involuntary bankruptcy was dismissed.

The present case, case number 8:25-bk-10282-SC, was filed on January 31, 2025, just days before the scheduled February 3, 2025 at 9:00 a.m. trustee sale. The case was dismissed on February 18, 2025. U.S. Bank continues to seek a ruling that the stay (if any existed) should be lifted or annulled so that the completed sale remains valid. Megdal agrees with the relief sought by U.S. Bank.

### 3. Megdal's Interest as a Prospective Owner-Occupant

California Civil Code § 2924m, a relatively recent statute, gives certain categories of bidders—such as prospective owner-occupants—a window of time following a trustee's sale to submit an offer matching or exceeding the last and highest bid. Megdal provided the foreclosure trustee with a written notice of his intent to exercise these § 2924m rights in a notice and declaration dated February 16, 2025. (Declaration Decl. ¶3) In his declaration, he states that he is neither the trustor nor a relative of the trustor and that he intends to occupy the Property as his principal residence within 60 days of acquiring title. The trustee has acknowledged receipt of his declaration and notice.

Because he is not the borrower or the Debtor, Megdal's post-sale purchase rights arise independently of the Debtor's interest. Megdal merely seeks to ensure that the foreclosure

sale remains final, subject to his opportunity to tender funds under § 2924m.

California Civil Code § 2924m, a relatively recent statute, gives certain categories of bidders—such as prospective owner-occupants—a window of time following a trustee's sale to submit an offer matching or exceeding the last and highest bid.

Because he is not the borrower or the Debtor, Megdal's post-sale purchase rights arise independently of the Debtor's interest. Megdal merely seeks to ensure that the foreclosure sale remains final, subject to his opportunity to tender funds under § 2924m.

### III. LEGAL DISCUSSION

#### A. Megdal Has Standing to Support the Motion as an "Interested Party"

In bankruptcy proceedings, parties in interest can include any entity whose interests are directly affected by the relief requested. Bankruptcy cases often affect multiple interests. See Tilley v. Vucurevich (In re Pecan Groves of Ariz.), 951 F.2d 242, 245 (9th Cir. 1991) ("[B]ankruptcy litigation[ ] . . . almost always implicates the interests of persons who are not formally parties to the litigation."). However, to have standing, the party should be a "person aggrieved" by the bankruptcy court's order. In re Commercial W. Fin. Corp., 761 F.2d 1329, 1334 (9th Cir. 1985) ("[W]e have adopted the 'person aggrieved' test as the appropriate standard for determining standing to appeal under the Code."). "Its purpose is to insure that bankruptcy proceedings are not unreasonably delayed by protracted litigation by allowing only those persons whose interests are directly affected by a bankruptcy order to appeal." In the Matter of Andreuccetti, 975 F.2d 413, 416-17 (7th Cir. 1992) (citation and internal quotation marks omitted). A person is "directly and adversely affected pecuniarily by an order of the bankruptcy court." Fondiller v. Robertson (In the Matter of Fondiller), 707 F.2d 441, 442 (9th Cir. 1983). Megdal is directly affected by the motion for relief from stay and in preserving his post auction bidding rights.

Here, U.S. Bank's Motion seeks an order confirming or validating the nonjudicial foreclosure sale despite two involuntary filings on behalf of the debtor. Because Megdal's statutory right to purchase hinges on the finality of that foreclosure sale, he has a direct, substantial interest in its outcome. Thus, it is appropriate for him to file this brief in support to

express his position and ensure that his statutory rights under § 2924m are preserved.

**B. California Civil Code § 2924m Protects Post-Sale Bidding by Eligible Owner-Occupants**

Civil Code § 2924m provides that, after a trustee's sale in California, certain eligible bidders (including prospective owner-occupants) may step in and buy the property by matching or exceeding the successful sale bid—provided that they do so within the strict statutory timelines and recordation constraints. By design, § 2924m aims to foster homeownership opportunities and ensure individuals—rather than solely large corporate investors—can acquire foreclosed properties.

    i.    **Eligibility**: As set forth in Megdal's Declaration of Compliance submitted to the trustee, he is a natural person who is not the trustor/borrower or related party. He is prepared to occupy the subject condominium unit as his primary residence.

    ii.    **Timeliness**: Megdal gave notice to the trustee within the statutory 15-day window following the February 3, 2025 sale. (Declaration Decl. ¶3)

**C. The Court Should Confirm the Sale Is Final (via Stay Relief), Subject to § 2924m**

**1. Effect of Multiple Involuntary Petitions**

U.S. Bank has identified at least two filings used to stop or delay the sale, but those cases have been dismissed. The Bank requests that the Court lift or annul the stay retroactively to ensure the foreclosure sale stands. Megdal supports that relief, because it recognizes the validity of the sale—which is a prerequisite for the statutory post-sale bidding process to commence. Thus, Megdal is directly affected by a decision on the relief from stay.

**2. Economic Analysis Supports Validating the Sale and Preserving § 2924m Rights**

The Property has a current fair market value of more than U.S. Bank's credit bid of $1,930,743.21. Under § 2924m, Megdal would be required to bid at least $1,930,743.21. As such, an overbid should generate excess proceeds that would flow through to the debtor. This aligns with bankruptcy law's goal of maximizing value for all stakeholders.

**3. Time-Sensitive Nature of Relief Requested**

Immediate judicial action is required because § 2924m imposes strict statutory deadlines

BRIEF OF INTERESTED PARTY TAYLOR MEGDAL, IN SUPPORT OF U.S. BANK'S REQUEST AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY

4

that could effectively terminate Megdal's rights if not preserved. Under California Civil Code § 2924m(c)(2), an eligible bidder must submit a binding offer within 45 days of the trustee's sale. Megdal has already submitted his statutory declaration and notice of intent to bid, following the February 3, 2025 sale. However, uncertainty about the sale's validity due to the bankruptcy proceedings threatens to disrupt these statutory timeframes. If the court does not promptly validate the foreclosure sale, Megdal's substantial rights under § 2924m could be lost due to the expiration of these mandatory deadlines. This potential loss of rights constitutes immediate and irreparable harm that justifies urgent consideration of this motion.

### 4. Preserving Megdal's Statutory Rights

Megdal's rights as a prospective owner-occupant bidder under California Civil Code § 2924m exist entirely separate from and independent of the Debtor's interests. These rights were created by the California legislature specifically to promote homeownership opportunities for individuals rather than investment entities, reflecting important state policy goals.

The rights conferred by § 2924m do not arise from or through the Debtor, nor do they depend on the Debtor's interests in the Property. Rather, they are standalone statutory rights granted to qualified individuals who meet specific eligibility criteria. Megdal's rights under Section 2924m came into effect upon the completion of the foreclosure sale and his timely submission of the required declaration and notice. These rights represent an entirely new and independent interest in the Property that should not be impaired by bankruptcy proceedings, where the debtor was not eligible to file bankruptcy.

### 5. Policy Considerations

Recognizing and preserving occupant-bidder rights does not harm the original debtor. If anything, a successful occupant-bidder under § 2924m pays a higher purchase price, which may result in excess proceeds to the debtor. Finalizing the transaction on terms no less favorable than the auction price will benefit the debtor.

### IV. CONCLUSION

For these reasons, Interested Party, Taylor Megdal, respectfully supports U.S. Bank's

BRIEF OF INTERESTED PARTY TAYLOR MEGDAL, IN SUPPORT OF U.S. BANK'S REQUEST AND MOTION FOR RELIEF
FROM THE AUTOMATIC STAY
5

Motion for Relief from the Automatic Stay. Megdal requests that the Court grant the relief from any stay and/or annulment sought by U.S. Bank, thereby validating the nonjudicial foreclosure sale held on or about February 3, 2025.

Dated: February 23, 2025

Respectfully submitted,

*(signature)*

TAYLOR MEGDAL, Pro Se

## DECLARATION OF TAYLOR MEGDAL

I, **Taylor Megdal**, declare:

1. I am over the age of 18 and competent to provide this declaration. All facts stated herein are true to the best of my knowledge.
2. I am not the Debtor, nor am I the original borrower under the Deed of Trust foreclosed upon. I am a potential post-sale purchaser pursuant to **California Civil Code § 2924m**.
3. I sent a timely written notice to the foreclosure trustee (Barrett Daffin Frappier Treder & Weiss, LLP) dated February 16, 2025 declaring my eligibility as a "Prospective Owner-Occupant" within the meaning of § 2924m for the Property located at 31423 Coast Highway, #22, Laguna Beach, CA 92651.
4. I intend to occupy the Property as my primary residence if my post-sale bid is ultimately accepted.
5. I have reviewed U.S. Bank's Motion for Relief from Stay, which seeks annulment or termination of the stay so that the foreclosure sale on February 3, 2025, remains valid. I agree that the sale should be validated.
6. I submit this Brief solely to support U.S. Bank's requested relief and to confirm that I reserve my occupant-bidder rights under state law.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 23, 2025

_/s/ Taylor Megdal_
TAYLOR MEGDAL

BRIEF OF INTERESTED PARTY TAYLOR MEGDAL, IN SUPPORT OF U.S. BANK'S REQUEST AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
7

# PROOF OF SERVICE

I served or caused to be served a true copy of the foregoing **BRIEF OF INTERESTED PARTY TAYLOR MEGDAL, IN SUPPORT OF U.S. BANK'S REQUEST AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY** and the attached **Declaration**:

- By **U.S. Mail**, first-class postage pre-paid, to all parties entitled to receive notice at their last known mailing addresses:

Coast Highway Ramfared Trust
dba Ramin Monfared
31423 Coast Hwy #22
Laguna Beach, CA 92651

Michael R Totaro
Totaro & Shanahan, LLP
P.O. Box 789
Pacific Palisades, CA 90272

Andy Andalibian
PO Box 9933
Newport Beach, CA 92660

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593

Darlene C Vigil
Edward A Treder
Barrett Daffin Frappier Treder & Weiss
3990 E. Concours Street, Suite 350
Ontario, CA 91764

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 23, 2025

_____
Signature

PROOF OF SERVICE
1